UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS MILLS,

    Petitioner,

v.                                                Case No. 2:15-CV-10505

DUNCAN MACLAREN,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Morris Mills incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his conviction for one count of first-degree murder, Mich. Comp. Laws § 750.316(1)(a), one count of second-degree murder, Mich. Comp. Laws § 750.317, two counts of assault with intent

---

[1] The court is aware that Petitioner filed his petition under the All-Writs Act, 28 U.S.C. § 1651. However, 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state court judgment who wish to challenge anything affecting the legality of that custody. See *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)). By contrast, the All-Writs Act is not an independent source of federal jurisdiction to issue writs, but only authorizes a federal court to issue a writ in aid of its jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011). The All Writs Act may not be used to evade the strictures of section 2254. See *Brennan v. Wall*, 100 F. App'x. 4 (1st Cir. 2004); *see also Haliburton v. United States*, 59 F. App'x. 55, 57 (6th Cir. 2003) (federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255). Because Petitioner is requesting immediate release from his conviction, the court construes this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See e.g. Simpson v. Caruso,* 355 Fed. Appx. 927, 930 (6th Cir. 2009).

to commit murder, Mich. Comp. Laws § 750.83, one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224(f), and felony firearm, Mich. Comp. Laws § 750.227(b). For the reasons that follow, the petition for writ of habeas corpus will be summary denied.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Mills*, No. 277819 (Mich. Ct. App June 12, 2008); *leave to appeal denied at* 757 N.W.2d 83 (Mich. 2008).[2]

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Mills,* No. 06-014512-01-FC (Third Judicial Circuit, May 17, 2011). It is unclear whether Petitioner appealed the denial of this motion to the Michigan appellate courts.

Petitioner seeks habeas relief on the following ground:

Petitioner is being unlawfully deprived of liberty where jurisdiction was lost at the initial arraignment when magistrate judge failed to complete the court by providing the "assistance" of counsel for his defense as the Sixth Amendment requires in violation of due process.

---

[2] Following his direct appeal, Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that Petitioner could return to the state courts to exhaust additional claims. *Mills v. Ludwick*, No. 10-10342, 2010 WL 4822608, at *1 (E.D. Mich. Nov. 22, 2010). Petitioner has not done so, and does not here ask that this case be reopened or even refer to his previous action in his current petition.

## II.  DISCUSSION

The petition for writ of habeas corpus must be dismissed because Petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  See *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. See *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Crump v. Lafler,* 657 F.3d 393, 396, n. 2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  See *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).  After undertaking the review required by Rule 4, the court concludes that Petitioner's habeas claim is meritless, such that the petition must be summarily denied.  See *Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner claims that he was denied his Sixth Amendment right to counsel because he was not represented by an attorney at his initial arraignment on the warrant in 36th District Court in Detroit, Michigan.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'" *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (per curiam) (quoting *Iowa v. Tovar*,

3

541 U.S. 77, 80–81 (2004)). The right to counsel applies to "pretrial critical stages that are part of the whole course of a criminal proceeding." *Lafler v. Cooper*, 132 S. Ct. 376, 1385 (2012). The right to counsel also includes "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191, 194 (2008).

Assuming without deciding that Petitioner may have been denied the assistance of counsel at his arraignment on the warrant, he is not entitled to habeas relief because he has not stated how he was prejudiced by the absence of counsel at this proceeding. The Supreme Court held that the denial of counsel at an arraignment requires automatic reversal, without any harmless-error analysis, in only two situations: (1) when defenses not pled at arraignment were irretrievably lost, *Hamilton v. Alabama,* 368 U.S. 52, 53–54 (1961); and (2) when a full admission of guilt entered at an arraignment without counsel was later used against the defendant at trial, despite subsequent withdrawal. *White v. Maryland,* 373 U.S. 59, 60(1963) (per curiam). Petitioner has not alleged that he was prejudiced by the absence of counsel at his initial arraignment, and thus fails to state a claim for habeas relief. *Coleman v. Alabama*, 399 U.S. 1, 11 (1970); *see also Whitsell v. Perini*, 419 F.2d 95 (6th Cir. 1969) (petitioner not entitled to habeas relief based on fact that he was not represented by counsel at his arraignment where petitioner pleaded not guilty at arraignment and no incriminating statements were brought out and later used at trial); *Doyle v. Scutt*, 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004) (denial of counsel to petitioner at arraignments on the warrant did not entitle habeas petitioner of relief, given that petitioner did not make any incriminating statement at his arraignments or lose any available defenses by not pleading them at his arraignments). Petitioner

4

has not alleged that he made any incriminating statement at his arraignment on the warrant or that he lost any available defenses by not pleading them at his arraignment on the warrant. Thus, he is not entitled to habeas relief on this claim. *Doyle,* 347 F. Supp. 2d at 481.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim. Accordingly, the court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

IT IS ORDERED that Petitioner Morris Mills's petition for writ of habeas corpus is SUMMARILY DENIED and the court DECLINES to issue a certificate of appealability.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: April 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522